# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 179 | **DATE** | 1/17/2012 |
| **CASE TITLE** | F.H. Paschen, SN Nielsen & Assoc vs. Edward E. Gillen | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiffs' motion [21], and remands this case to the Circuit Court of Cook County, Illinois, and orders Defendant to pay to Plaintiffs the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The parties shall meet and confer on the appropriate amount of costs and fees, and if necessary, Plaintiffs shall file a fee petition consistent with the requirements of Local Rule 54.3. All other pending motions are denied as moot, without prejudice to refiling the motions in state court. All pending dates are stricken.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiffs' motion to remand this action to state court, and for an award of costs and fees for wrongful removal, pursuant to 28 U.S.C. § 1447(c). For the reasons discussed below, Plaintiffs' motion is granted, and all other pending motions are denied as moot without prejudice to refiling the motions in state court.

### BACKGROUND

This case arises out of a contract dispute between members of a joint venture relating to a breakwater construction project. Plaintiffs Paschen Gillen Skipper Marine Joint Venture ("Joint Venture") and F.H. Paschen, SN Nielsen & Associates, LLC ("Paschen") commenced an action on January 6, 2012, in the Circuit Court of Cook County, Illinois, against Defendant Edward E. Gillen Company ("Gillen"), seeking various state law remedies. On January 10, 2012, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1331. The parties thereafter filed cross-applications for emergency temporary restraining orders relating to the use of certain property at the construction site.

In an order dated January 11, 2012, the Court held that Defendant's notice of removal failed to invoke the diversity jurisdiction of this Court. The notice of removal alleged that (1) Defendant is "a corporation who [sic] is a citizen of Wisconsin, and has its principle place of business in Wisconsin," (2) Plaintiff Joint Venture "is an Illinois joint venture with its principle place of business located in Cook County, Chicago, Illinois," and (3) Plaintiff Paschen is "an Illinois Limited Liability Company, whose principle place of business is Illinois." (R. 1, Notice of Removal, at ¶¶ 7-9.) The Court reasoned that Defendant "failed to identify any members of either Plaintiff, nor particularizes any citizenship allegations as to these members." (R. 12, Minute Order, at 1-2 (citing, inter alia, *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533-34 (7th Cir. 2007).) Despite considerable doubt about whether Defendant could cure the diversity allegations, because Defendant appears to be a member of the Joint Venture, *see, e.g., Ind. Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998) ("Membership associates such as . . . joint ventures take the citizenship of each member."), the Court nonetheless granted Defendant leave to file an amended notice of removal, which Defendant did that same day. The amended notice of removal alleges subject-matter jurisdiction based on diversity of citizenship, *see* 28 U.S.C. § 1332, and admiralty law, *see* 28 U.S.C. § 1333. (R. 13.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

### DISCUSSION

On January 13, 2012, Plaintiffs filed the present motion seeking (1) an order remanding this case to state court, and (2) an award of costs and fees for wrongful removal. Defendant responded on January 17, 2012, stating that Defendant does not oppose remand because a settlement by the parties "allowed [Defendant] to remove its equipment from the jobsite," the issue which was the subject of the parties' cross-motions for a temporary restraining order. (R. 13.) Defendant, however, objects to an award of costs and fees to Plaintiffs for wrongful removal. The Court addresses each issue in turn.

I. **Motion to Remand**

Upon consent of the parties, the Court grants Plaintiffs' motion to remand this action to the Circuit Court of Cook County, Illinois. In granting the motion, the Court notes that remand is appropriate in this case. Defendant has not cured the deficiencies with respect to diversity jurisdiction, but instead amended its notice of removal to assert admiralty jurisdiction pursuant to 28 U.S.C. § 1333. The law, however, is clear that the removal statute does not authorize the removal of state law claims on the basis of admiralty jurisdiction under 28 U.S.C. § 1333, even if the plaintiff could have originally brought the same claims in federal court under admiralty law. *See, e.g., Romero v. Int'l Terminal Op. Co.*, 358 U.S. 354, 371-72, 79 S. Ct. 468, 3 L. Ed. 2d 368 (1959) (holding that general maritime law claims do not fall within the scope of federal question jurisdiction under 28 U.S.C. § 1331, and opining that courts should preserve the "historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal"); *Sarei v. Rio Tinto, PLC*, – F.3d –, 2011 WL 5041927, at *13 (9th Cir. Oct. 25, 2011); *Doyle v. Graske*, 579 F.3d 898, 901 (8th Cir. 2009); *Oklahoma ex rel. Edmondson v. Magnolia Marine Trans. Cop.*, 359 F.3d 1237, 1241 (10th Cir. 2004); *Morris v. T.E. Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003); *U.S. Exp. Lines Ltd. v. Higgins*, 281 F.3d 383, 390 (3d Cir. 2002); *In re Chimenti*, 79 F.3d 534, 537 (6th Cir. 1996); *Armstrong v. Ala. Power Co.*, 667 F.2d 1385, 1388 (11th Cir. 1982) (stating that, "under the reasoning of *Romero*, a federal district court should not accept the removal of a saving clause case solely because of its general maritime nature: the maritime nature simply does not provide a ground for federal jurisdiction"); *Carr v. Jetter*, 103 F. Supp. 2d 1122, 1123-24 (E.D. Wisc. 2000); *Kohlhaas v. U.S. United Barge Line, LLC*, No. 08-CV-0239, 2010 WL 3211149, at *15 (S.D. Ill. Aug. 13, 2010) (noting that the "federal question statute does not include the general maritime law"); *Yangming Marine Trans. Corp. v. Electri-Flex Co.*, 682 F. Supp. 368, 371-73 (N.D. Ill. 1987) (holding that a state law admiralty action is "not removable" in the absence of complete diversity of citizenship between the parties).

II. **Fees and Costs for Wrongful Removal**

Plaintiffs additionally request "just costs and actual expenses, including attorneys fees, incurred as a result of the wrongful removal by [Defendant]," pursuant to 28 U.S.C. § 1447(c) (R. 21, Pls.' Mot. at 4.) Section 1447(c) provides in relevant part that the district court may, in its discretion, order the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Hart v. Wal-Mart Stores, Inc. Assoc. Health and Welfare Plan*, 360 F.3d 674, 677 (7th Cir. 2004). The Supreme Court set forth the applicable legal standard as follows:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.
>
> In light of these large objectives, the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this

rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

Here, the Court finds that an award of attorney's fees and costs is appropriate. As the Court noted in its January 11, 2012 Order, the law is clear that the citizenship of a joint venture turns on the citizenship of each of members of the Joint Venture. *See, e.g.*, *Ind. Gas Co., Inc. v. Home Ins. Co.,* 141 F.3d 314, 316 (7th Cir. 1998). Despite this well-established rule, Defendant's original notice of removal omitted the critical fact that Defendant is a member of the Joint Venture. (*See* R. 1, Compl. ¶¶ 3-4.) Instead, Defendant simply alleged that "[t]here is complete diversity of citizens [sic] in this case" because Defendant is a citizen of Wisconsin, and Plaintiffs are "an Illinois joint venture with its principle place of business" in Illinois." (R. 1 ¶¶ 8-10.) By ignoring Defendant's membership in the Joint Venture, Defendant's citizenship allegation as to the Joint Venture "was essentially meaningless for jurisdictional purposes." *MTC Dev. Group, LLC v. Lewis*, No. 10 C 7062, 2011 WL 5868236, at *5 (N.D. Ill. Nov, 20, 2011) (stating under similar circumstances that a conclusory allegation of complete diversity was "a complete non sequitur"); *see also Thomas v. Guardsmark, LLC,* 487 F.3d 531, at 533-34 (7th Cir. 2007). Under these circumstances, Defendant's original notice of removal plainly failed to invoke the diversity jurisdiction of this Court, and as such, was objectively unreasonable.

Furthermore, even after the Court alerted Defendant to these deficiencies, and expressed considerable doubt about whether Defendant could cure them, Defendant continued to assert that the Court has diversity jurisdiction over this case. Indeed, Defendant's amended notice of removal repeats the same deficient diversity allegations as the original notice, adding only that Defendant will make a "more compete showing at a later date." (R. 13, at 3.) It is unclear what this means, and in fact, Defendant now acknowledges that "Defendant cannot properly plead diversity jurisdiction." (R. 23, Def.'s Resp. at 6.) Although Defendant's amended notice of removal additionally asserted admiralty jurisdiction under 28 U.S.C. § 1333, Defendant now "concedes" that removal on the basis of § 1333 is not proper either. (*Id.* at 6.) It is therefore clear not only that Defendant's original notice of removal was baseless, but so too was its amended notice of removal and its position, until just recently, that this action is appropriately before this Court.

As in a similar case, "[t]he most favorable inference" to Defendant is that it "did not understand the law to base [a joint venture's] citizenship for diversity purposes on the citizenship of each of the [joint venture's] members." *MTC Dev. Group, LLC*, 2011 WL 5868236, at *3. But even then, "[i]gnorance of the law, particularly a principle so firmly established as [complete diversity and the citizenship of joint ventures], cannot . . . be regarded as objectively reasonable." *Id.* (citing *Thomas*, 487 F.3d at 534 ("We have repeatedly warned that when one party to the litigation is someone other than a natural person suing in her own capacity, 'a jurisdictional warning flag should go up.'") (quoting *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998))). This is particularly true where, as here, the Court issued a detailed order on the issue, and Defendant nonetheless continued to assert diversity of citizenship as a jurisdictional basis for its removal.

In the end, Defendant's baseless removal of this action has resulted in a waste of time and a delay of Plaintiffs' miotion. Defendant's actions required Plaintiffs to appear in this Court on January 12, 2012 – Defendant appeared by phone from its offices in Wisconsin – re-file numerous materials that were already filed in state court, and file the present (now unopposed) motion for remand. *See Martin*, 546 U.S. at 140 (discussing the policy underlying fee-shifting includes deterring removals made to prolong litigation and impose costs on the opposing party). Defendant's actions have likewise resulted in a waste of judicial resources. For these reasons, and in light of Defendant's concession that it has no legal basis to remove this action, it appears that Defendant "acted precipitously to get the case into federal court, perhaps perceiving it to be a more favorable forum on the motion for a TRO than the state court and perhaps hoping to string matters out." *MTC Dev. Group, LLC*, 2011 WL 5868236, at *3.

Accordingly, because Defendant lacked an objectively reasonable basis to seek removal, the Court awards Plaintiffs costs and fees pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

      The Court remands this case to the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1447, and orders Defendant to pay to Plaintiffs the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The parties shall meet and confer on the appropriate amount of costs and fees, and if necessary, Plaintiffs shall file a fee petition consistent with the requirements of Local Rule 54.3.